UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HOWARD K. HAMILTON, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: 1:07-cv-302 |
| v. | ) |
| | ) |
| PROVIDENT LIFE & ACCIDENT | ) Chief Judge Curtis L. Collier |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM**

Before the Court is the motion of plaintiff Howard K. Hamilton, M.D. ("Plaintiff") to remand this case to the Tennessee state courts under 28 U.S.C. § 1447 (Court File No. 8). Provident Life & Accident Insurance Co. ("Provident") has responded (Court File No. 14), and Plaintiff has replied to this response (Court File No. 15). For the reasons set out below, the Court will **GRANT** Plaintiff's motion to remand.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Howard K. Hamilton ("Plaintiff") is a diagnostic radiologist. He purchased a disability insurance policy from Provident. In 2003, Plaintiff began to experience vision problems and was diagnosed as having floaters in both of his eyes. Plaintiff's vision was substantially impaired. Plaintiff determined in 2006 he could no longer work as a diagnostic radiologist. Plaintiff then attempted to claim total disability benefits under the policy he purchased from Provident. When Provident denied Plaintiff's request for benefits, he filed suit in the Circuit Court of Hamilton

County, Tennessee.

Provident removed the action to this court because they claim the policy is covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiff now moves the Court to remand the action back to the Tennessee state courts because they claim the policy is not part of an employee benefit plan, and therefore there is no federal question jurisdiction in this case.

### B.     The Applicable Policies

In 1986, Cleveland Radiology entered into a salary allotment agreement with Provident (Court File No. 14, Ex. 1-B). The form indicates Cleveland Radiology would "pay in full the required premiums," and would not merely "make salary deductions [and to] remit such premiums to [Provident.]" (*Id.*)

Plaintiff obtained two disability insurance policies with Provident while employed by Cleveland Radiology. The first policy was issued effective December 1, 1987. When Plaintiff filled out the application for the first policy he indicated his "employer [would] pay for all disability coverage to be carried . . . with no portion of the premium to be included in [his] taxable income." (Court File No. 14, Ex. 2). In 1993, Plaintiff applied for additional coverage under the same policy.

The second policy application was completed years later and answers the question in the opposite manner. Plaintiff argues the question is confusing, and the second application indicates the first application was filled out in error (Court File No. 15 at 4).

## II.    STANDARD OF REVIEW

Generally, any civil action brought in state court over which the federal courts have original

jurisdiction may be removed by a defendant to the federal district court for the district and division "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing the district court has original jurisdiction over the matter by a preponderance of the evidence. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Removal petitions are strictly construed, with all doubts resolved against removal. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). "All doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citations omitted).

Removal jurisdiction is identical with federal question jurisdiction under 42 U.S.C. § 1331. *Long*, 201 F.3d at 758. Under § 1331, federal courts apply the "well-pleaded complaint" rule, which requires a court to consider only whether a properly pleaded complaint presents a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[U]nder the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law.*" Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation*, 463 U.S. 1, 10-11 (1983). One exception to this rule are causes of action where a federal statute "wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). ERISA is one such federal statute. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 467 (6th Cir. 2002).

## III. DISCUSSION

Provident argues the policy at issue in this case is part of an employee welfare benefit plan governed by ERISA. If Provident is correct, Plaintiff's state law claims relating to that policy are

preempted and federal law applies to determine recovery. *See* 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56-57, 107 S. Ct. 1549, 1557-58, 95 L. Ed. 2d 39 (1987). An "employee welfare benefit plan" is defined by ERISA as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). The United States Court of Appeals for the Sixth Circuit has developed a three-step factual analysis for determining whether a benefit plan satisfies the statutory definition set out in § 1002(1). *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir.1996). *See also Agrawal v. Paul Revere Life Ins. Co.,* 205 F.3d 297, 299-300 (6th Cir.2000). First, a court must apply the Department of Labor "safe harbor" regulations to determine whether the program is exempt from ERISA. *Thompson,* 95 F.3d at 434. Second, a court should determine whether there was a "plan" by considering whether, from the surrounding circumstances, a reasonable person could ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for obtaining benefits. *Id.* at 435. Finally, a court should determine whether the employer "established or maintained" the plan with the intent of providing benefits to its employees. *Id.*

### A. Applicability of the "Safe Harbor" Provision

The Department of Labor has promulgated regulations that provide a "safe harbor" provision, and these regulations exclude an employee insurance policy from ERISA coverage if: (1) the employer makes no contribution to the policy; (2) employee participation in the policy is completely voluntary; (3) the employer's sole functions are, without endorsing the policy, to permit the insurer

to publicize the policy to employees, collect premiums through payroll deductions, and remit them to the insurer; and (4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered in connection with payroll deduction. 29 C.F.R. § 2510.3-1(j).

Plaintiff argues his policy is exempt from ERISA because it falls in this safe harbor provision (Court File No. 8). Provident argues these policies fail the first, third, and fourth prongs of the safe harbor statute, and therefore the policy is not within the safe harbor provision (Court File No. 14 at 7). If Provident cannot establish the policy fails to satisfy at least one of them then this action should be remanded to the Tennessee state courts. *See Thompson*, 95 F.3d at 435.

### 1. Employer makes no contribution

Provident relies on three pieces of evidence. First, the application form indicated Plaintiff's employer would pay the premiums (Court File No. 14, Ex. 2). Second, all payments received under the plan were received from the employer (Court File No. 14, Exs. 1, 3). Third, the salary allotment agreement indicated the employer would pay the premiums without taking the money from the employees salary (Court File No. 14, Ex. 1-B). Plaintiff argues, through the affidavits of two bookkeepers of Cleveland Radiology, that Cleveland Radiology merely deducted the premiums from his pay and remitted those payments to Provident, and this was Cleveland Radiology's practice for all participants in these disability insurance policies (Court File No. 8). Provident argues it was ignorant of any such arrangement, and so Plaintiff cannot rely on the safe harbor provision.

There appears to be little factual dispute between the parties. Plaintiff does not contest the initial forms were filled out incorrectly, and Provident has provided no evidence to contradict the affidavits of the two bookkeepers. The question is whether the initial forms or the conduct of the

parties control whether this element of the safe harbor provision is met. Provident as the party removing the case to federal court bears the burden to show federal jurisdiction is appropriate. Provident has provided neither precedent nor any argument for why the earlier forms should control, and the regulation is directed at the actions of the parties not their intent. Instead, Provident merely argues the earlier forms control with no explanation of why.

### 2. Employer's sole function is to collect and remit payment without endorsing the plan

Provident also argues Cleveland Radiology went beyond merely remitting payment because it established a salary allotment agreement with Provident, it determined how the benefits would be funded, and it maintained the program by making the premium payments each billing cycle (Court File No. 14 at 8). The support for this provision is paragraph seven of the affidavit of Loretta L. Smith, which merely states Cleveland Radiology entered into the salary allotment agreement. Again, Provident does not explain why the agreement should control whether the safe harbor provision was met, but merely assumes it does.

Provident claims Cleveland Radiology "created the program by entering into the [salary allotment agreement] with Provident and agreeing to pay its employees' premiums." (*Id.*). Again, Provident fails to point to any authority or argument for the proposition an erroneously filled out form controls. The language of the regulation does not consider the intent of the parties, but instead lists facts related to the actions of the parties for the Court to consider. Provident has not provided any reason the forms should control over the actions of the parties, and has pointed to no prejudice they suffered because Cleveland Radiology did not follow the terms of the agreement.

Provident argues "the evidence demonstrates that [Cleveland Radiology] endorsed the [disability] program and that the program does not fall within the safe harbor regulations." (Court

File No. 14 at 9). The question of endorsement is whether the employer's neutrality is "compromised to such an extent that ERISA should provide the governing framework." *Thompson*, 95 F.3d at 436. "[T]he relevant framework for determining if endorsement exists is to examine the employer's involvement in the creation or administration of the policy from the employees' point of view." *Id*. at 436-37. There has been no evidence submitted in this case explaining what information was given to the employees in regard to this plan, and therefore Provident has not carried its burden of proof on this issue.

### 3. Employer receives no consideration

Provident argues Cleveland Radiology achieved a benefit through the plan because it "obtained a better premium rate on behalf of its employees and participants then they would have received on their own." (Court File No. 14 at 9). However, as Plaintiff notes this benefit flows to the participants of the plan and not Cleveland Radiology (Court File No. 15 at 5). Provident provides no argument for why this benefit to the individual employees should be attributed to the employer as consideration.

## B. No Employees Participated in the Plan

Because Provident have failed to carry their burden to prove the plan falls outside the safe harbor provision the Court need not consider whether any employees participated in the Plan.

## IV. CONCLUSION

For the foregoing reasons, Provident has failed to carry its burden in proving federal jurisdiction is appropriate in this matter, and the Court will **GRANT** Plaintiff's motion to remand (Court File No. 8).

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**